**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000770
09-APR-2024
07:50 AM
Dkt. 82 SO**

NO. CAAP-19-0000770

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR
MFRA TRUST 2015-1, Plaintiff-Appellee,
v.
REID I. TAMAYOSE; NADINE K. TAMAYOSE,
Defendants-Appellants,
and
CADERLOCK JOINT VENTURE, L.P.; ADVANTAGE ASSETS II, INC.;
RENEY ANN K.M. CHING; CACH, LLC, Defendants-Appellees,
and
JOHN AND MARY DOES 1-20;
DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CC121000044)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Defendants-Appellants Reid I. Tamayose and Nadine K.

Tamayose (**the Tamayoses**) appeal from the October 1, 2019 Judgment

(**Judgment**) entered against them and in favor of Plaintiff-

Appellee Wilmington Trust, National Association, not in its

Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1

(**Wilmington Trust**), by the Circuit Court of the Fifth Circuit

(**Circuit Court**).[1]  The Tamayoses also challenge the Circuit Court's October 1, 2019 Findings of Fact, Conclusions of Law, and Order Granting [Wilmington Trust's] Motion for Summary Judgment and for Interlocutory Decree of Foreclosure (**Foreclosure Decree**).

The Tamayoses raise a single point of error, contending that the Circuit Court erred by granting Wilmington Trust's July 31, 2019 Motion for Summary Judgment and for Interlocutory Decree of Foreclosure (**Summary Judgment Motion**) because Wilmington Trust failed to establish its standing to sue, and failed to meet its *prima facie* burden of proof.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Tamayoses' point of error as follows:

The Circuit Court granted the Summary Judgment Motion based in part on its finding that Residential Credit Solutions, Inc. (**RCS**), which had filed the original Complaint to Foreclose Mortgage (**Complaint**) on February 2, 2012, possessed the original subject blank-indorsed Adjustable Rate Note (**Note**),[2] which was secured by the subject mortgage (**Mortgage**).  The Circuit Court found that RCS held the Note and Mortgage at the time it filed the January 27, 2014 First Amended [Complaint], and on that basis, the Circuit Court concluded that RCS had standing to file this foreclosure action.  Thus, the Circuit Court further

---

[1]  The Honorable Randal G.B. Valenciano presided.

[2]  An Allonge to Note, which contains an indorsement in blank, is attached to the Note (**Allonge**).

concluded that Wilmington Trust, as the current holder of the Note and Mortgage, and the substituted real-party-in-interest, also had standing.

The Tamayoses contend that Wilmington Trust did not meet its burden of demonstrating that RCS was in possession of the blank-indorsed Note at the time the Complaint was filed.

A foreclosing party must demonstrate that all conditions precedent to foreclosure under the note and mortgage are satisfied and that all steps required by statute have been strictly complied with to prove entitlement to foreclose. Bank of Am., N.A. v. Reyes-Toledo, 139 Hawai'i 361, 367, 390 P.3d 1248, 1254 (2017). Typically, this requires that the plaintiff prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice. Id. A foreclosing plaintiff must also prove that the plaintiff is entitled to foreclose the note and mortgage. Id.

The "burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions." Id. (quoting Mottl v. Miyahira, 95 Hawai'i 381, 388, 23 P.3d 716, 723 (2001)). Under the doctrine of standing, a plaintiff typically must have suffered an injury-in-fact to "justify exercise of the court's remedial powers on his or her behalf." Id. at 368, 390 P.3d at 1255 (citing Mottl, 95 Hawai'i at 389, 23 P.3d at 724). For a foreclosing plaintiff, the injury-in-fact is the mortgagor's "failure to satisfy its obligation to pay the debt obligation to the note holder." Id.

Thus, a person seeking to judicially foreclose on a mortgage following a promissory note default must establish that it was the "person entitled to enforce the note," as defined by Hawaii Revised Statutes (**HRS**) § 490:3-301 (2016) at the time the foreclosure complaint was filed to satisfy standing and to be entitled to prevail on the merits. Id. at 368-69, 390 P.3d at 1255-56; see also U.S. Bank N.A. v. Mattos, 140 Hawaiʻi 26, 33, 398 P.3d 615, 622 (2017).

Here, Wilmington Trust relied on the Declaration of Melissa Sequete, which was submitted in support of the Motion for Summary Judgment (**Sequete; Sequete Declaration**). Sequete was a former Assistant Vice President-Director of Special Assets at RCS, and is the current Vice President at Fay, the loan servicing agent for Wilmington Trust (**Fay**). Wilmington Trust contends that Sequete properly authenticated the blank-indorsed Note, the Mortgage, a notice of default allegedly sent to the Tamayoses by RCS in 2008 (**Notice of Default**), and other business records, because Sequete had personal knowledge of both RCS and Fay's record-keeping systems.

The Tamayoses argue that Sequete did not aver to having seen the original blank-indorsed Note, did not otherwise attest to witnessing the Note being in RCS's possession or how it was kept by RCS, and that Wilmington Trust offered no business records or other evidence demonstrating RCS was in possession of the Note when the Complaint was filed. The Tamayoses further argue that the business records hearsay exception criteria have not been satisfied.

4

Relevant to the issue of RCS's possession of the blank-indorsed Note, Sequete declared under oath:

> 10. I was Assistant Vice President-Director of Special Assets of RCS at the time RCS initiated this foreclosure action against Defendants. Accordingly, I have personal knowledge of RCS's business records, including its electronic records and the information relating to the Loan. Based on my personal knowledge of the business records kept by RCS, which were subsequently incorporated into the business records of Fay, RCS was in possession of the original Note at the time the Complaint and First Amended Complaint in this action were filed.

The Sequete Declaration does not assert that she was a custodian of records for RCS.[3] Therefore, the RCS records attached to her declaration are only admissible under Hawaiʻi Rules of Evidence (**HRE**) Rule 803(b)(6) hearsay exception if she is a qualified witness with respect to those records. Merely stating that she had "personal knowledge of RCS's business records, including its electronic records and the information relating to the Loan" does not establish Sequete as a qualified witness with respect to the Note and Mortgage. See Mattos, 140 Hawaiʻi at 26, 398 P.3d at 615. Sequete did not, for example, state that she had access to or was familiar with the Note and Mortgage through the regular performance of her duties at RCS, state that the documents to which she referred were created or maintained in the regular course of RCS's business or consistent with RCS's regular practice, state that she researched and/or examined RCS's business records for the Note and Mortgage, or provide any information whatsoever that would establish her as a qualified witness. See id. at 32, 398 P.3d at 621. Sequete's statement of her "personal knowledge" of RCS business records was

---

[3] Sequete does state that she has personal knowledge of the facts stated in the Sequete Declaration "as a custodian based on my review of Fay's business records."

inadequate to establish that RCS was in possession of the original Note at the time the Complaint was filed. The Sequete Declaration does not state that the Note was indorsed in blank at the time the Complaint was filed. In short, there is no admissible evidence that RCS was in possession of the Note or the Allonge providing the blank endorsement at the time of the filing of the Complaint.

Wilmington Trust argues, alternatively, that the Sequete Declaration established, *inter alia*, that the Note and Mortgage were incorporated and kept in the normal course of Fay's business and satisfied the requirements of the incorporated records doctrine. See Wells Fargo Bank, N.A. v. Behrendt, 142 Hawaiʻi 37, 45, 414 P.3d 89, 97 (2018); U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Verhagen, 149 Hawaiʻi 315, 325-27, 489 P.3d 419, 429-31 (2021). Even if the Sequete Declaration met the requirements of the incorporated records doctrine (it did not), Wilmington Trust nevertheless failed to produce admissible evidence that RCS possessed the blank-indorsed Note at the time the Complaint was filed. Therefore, the Circuit Court erred in concluding that RCS had standing to foreclose.

The Tamayoses further argue that Wilmington Trust failed to proffer properly authenticated evidence that the Notice of Default was given to the Tamayoses. For the same reasons discussed above with respect to the Note, the Sequete Declaration does not properly authenticate the Notice of Default. Even if the Notice of Default had been properly authenticated, the terms of the Note require in pertinent part:

8. **GIVING OF NOTICES**
Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

The terms of the Mortgage require in pertinent part:

14. **Notices**. Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender.

Sequete does not state whether the Notice of Default was sent via first class mail, nor does Wilmington Trust offer evidence that the Notice of Default was otherwise delivered to the Tamayoses. Thus, we conclude that Wilmington Trust failed to establish that no genuine issue of material fact exists with respect to whether proper notice was given under the terms of the Mortgage or Note.

For these reasons, the Circuit Court's October 1, 2019 Judgment and Foreclosure Decree are vacated, and this case is remanded to the Circuit Court for further proceedings.

DATED: Honolulu, Hawaiʻi, April 9, 2024.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
for Defendants-Appellants
 REID I. TAMAYOSE and
 NADINE K. TAMAYOSE.

Matthew C. Shannon,
Lianne T. Chung,
(Bays Lung Rose & Holma),
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge